UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0172(2) (SRN/AJB) |
| Plaintiff, | |
| | ORDER |
| v. | |
| RAY JAMES BROWN, | |
| Defendant. | |

_____

Julie E. Allyn, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, on behalf of Plaintiff

Ray James Brown, No. 13679-041, Greenville FCI, P.O. Box 5000, Greenville, IL 62246, Pro Se

_____

SUSAN RICHARD NELSON, District Judge

This matter is before the Court on Defendant-Petitioner Ray James Brown's Pro Se Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255, [ECF No. 194], and his Pro Se Motion to Appoint Counsel [ECF No. 188]. For the reasons set forth below, both motions are denied.

I.   BACKGROUND

Defendant Ray James Brown was convicted of two counts of possession of a firearm in furtherance of a crime of violence, with the crime of violence being a robbery offense, in violation of 18 U.S.C. § 924(c)(1) and (2). (*See* Indictment [Doc. No. 19]; Sentencing Judgment [Doc. No. 172].) Brown, along with two co-defendants, was

involved in armed robberies of pharmacies in the spring of 2012.  (Indictment, Counts 1-4; 6-12.)  A handgun was used to accomplish a particular robbery on April 3, 2012.  (Id., Count 3.)

Although the Indictment charged Brown with eleven separate counts, he and the Government entered into a plea agreement.  As a result, the Government agreed to move to dismiss Counts 1-2, 4, 6-9, and 11-12 against Brown in exchange for his guilty plea on Counts 3 and 10 (Possession of a Firearm in Furtherance of a Crime of Violence).

On May 15, 2013, Brown was sentenced to a total term of 168 months in prison.  (Sentencing Judgment at 1-2.)  Specifically, the sentence was 84 months on Count 3 and 84 months on Count 10, to be served consecutively.  (Id.)  Brown did not file a direct appeal.  He filed the instant pro se § 2255 motion, dated June 21, 2016, on June 24, 2016.

## II. DISCUSSION

### A. Section 2255 Motion

Brown challenges his conviction under 18 U.S.C. § 924(c) by arguing that the statute is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (Def.'s § 2255 Mot. at 1-2.)

Brown's motion fails for several reasons.  First, his motion is time-barred.  In relevant part to this case, § 2255(f) provides that a one-year limitations period begins to run on either "the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to

cases on collateral review." 28 U.S.C. §§ 2255(f)(1), (3).  Under § 2255(f)(1), the limitations period expired in May 2014, one year after his judgment of conviction became final.  And under § 2255(f)(3), while Brown's motion was filed within one year of the *Johnson* decision, his motion is nevertheless barred because *Johnson* did not create a right applicable to these facts.[1]

As noted, Brown was convicted under § 924(c)(1) and (2).  *Johnson* struck down the residual clause of a portion of the Armed Career Criminal Act ("ACCA"), § 924(e)(2)(B)(ii), applicable to persons convicted under 18 U.S.C. § 922(g).  Brown, however, was not convicted under § 922(g), nor was he sentenced under the ACCA.

The statute under which Brown was convicted and sentenced for the claims raised in Counts 3 and 10, § 924(c)(1)(A), provides specific mandatory minimum sentences for persons convicted of a "crime of violence" or "drug trafficking crime," who use or carry a firearm in furtherance of that crime.  Section 924(c)(3) defines a "crime of violence" as "an offense that is a felony and–"

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> As the Government notes, although the definitions of a "crime of violence" in

---

[1] The Supreme Court has held that *Johnson* may be retroactively applied to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

§ 924(c)(1)(A) and "violent felony" in the ACCA's residual clause, § 924(e)(2)(B)(ii), use some similar language, the two provisions are, in fact, distinct. A "violent felony" in § 924(e)(2)(B) is "any crime punishable by imprisonment for a term exceeding one year. . . that–"

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

§ 924(e)(2)(B)(i)-(ii) (emphasis added to the residual clause).

While the Supreme Court struck down the residual clause language in *Johnson*, it did not strike down any other provision of § 924. Where the residual clause is not involved in a defendant's sentencing, *Johnson* is inapplicable. *United States v. Ker Yang*, 799 F.3d 750, 752 n.1 (7th Cir. 2015). Accordingly, *Johnson* affords Brown no relief.

Moreover, Brown has procedurally defaulted on any challenge to the constitutionality of 18 U.S.C. § 924(c) by not raising it on direct appeal. The Government notes that Brown waived the right to appeal his sentence unless it exceeded 32 years, which it did not. (Gov't's Opp. Mem. at 5 n.2 [Doc. No. 199].) In *Franklin v. Luebbers*, 494 F.3d 744, 751 (8th Cir. 2007), the Eighth Circuit held that a defendant's voluntary waiver of direct appeal rights resulted in procedural default and barred federal habeas review of his claims. But even absent any waiver–which, Brown argues in his reply memorandum, (Reply at 6-7 [Doc. No. 208]), was the result of ineffective assistance

of counsel in connection with the negotiation of a plea agreement–Brown still procedurally defaulted. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).  The direct-appeal filing deadline has long passed.  *See* Fed. R. App. P. 4(b)(1)(A) (setting deadline at 14 days after entry of judgment); Sentencing Judgment (judgment imposed May 15, 2013).  And Brown has made no showing of either cause and actual prejudice, or actual innocence.

Even if Brown did not procedurally default, his argument would fail on the merits. Brown argues that after the issuance of *Johnson*, a § 924(c) offense is no longer a crime of violence.  (Def.'s § 2255 Mot. at 2-3.)  He further argues that the "crime of violence" language in § 924(c) is unconstitutionally vague, similar to the language found to be constitutionally infirm in *Johnson*.  (Def.'s § 2255 Mot. at 3-4.)  But after Brown filed his motion (and after the Government filed its opposition brief), the Eighth Circuit rejected a similar *Johnson* challenge to 18 U.S.C. § 924(c).  *United States v. Prickett*, 839 F.3d 697, 700 (8th Cir. 2016) (holding that *Johnson* did not invalidate the "crime of violence" language of § 924(c)(3)(B) as unconstitutionally vague).[2]  Brown's conviction, based on

---

[2] Brown argues in his reply memorandum that his counsel was ineffective in failing to challenge "the validity of his predicate conviction under 924(c)'s residual clause." (Reply Mem. at 7.)  This argument is rejected.  First, the Court will not consider a claim raised for the first time in a reply memorandum.  D. Minn. L.R. 7.1(c)(3)(B) ("A

§ 924(c)(3)(A), is likewise not invalidated by *Johnson*. For all of the foregoing reasons, Brown's §2255 motion is denied.

### B.     Motion for Appointment of Counsel

Brown also moves for appointment of counsel, stating his belief that the appointment of counsel would assist him in making any determinations about whether recent Supreme Court decisions in *Johnson* and *Welch* entitle him to relief. (Def.'s Mot. for Appt. of Counsel at 1 [Doc. No. 188].)

A federal prisoner filing a § 2255 motion does not have a constitutional right to the appointment of counsel. *United States v. Hubbard*, No. 09-cv-23 (ADM/JJG), 2012 WL 6652865, at *4 (D. Minn. Dec. 21, 2012) (citing *Baker v. United States*, 334 F.2d 444, 447-48 (8th Cir. 1964) (holding that § 2255 litigants have no constitutional right to appointment of counsel). Rather, the decision is in the sound discretion of the district court. *Baker*, 334 F.2d at 448. The Court does not find the factual and legal complexity of the underlying issues to be of such complexity as to warrant the appointment of legal counsel. And although Brown seeks appointment of counsel to determine whether recent Supreme Court decisions entitle him to relief, he nevertheless managed to file his § 2255 motion, relying on legal authority, and he also filed his motion for appointment of

---

reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response.") Second, even on the merits, any such argument fails. Brown's counsel negotiated a plea agreement in the spring of 2013, over two years prior to the *Johnson* decision. And, most importantly, as noted herein, *Johnson* is inapplicable to the facts of this case.

counsel. The Court finds that Brown possesses sufficient ability to present his claims. His motion for the appointment of counsel is therefore denied.

### C. Certificate of Appealability

Finally, in order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Fleiger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

### III. ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant-Petitioner Ray James Brown's Pro Se Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 194] is **DENIED**;

2. No certificate of appealability will issue; and

3. Brown's Pro Se Motion to Appoint Counsel [ECF No. 188] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 23, 2016               s/Susan Richard Nelson
                                       Susan Richard Nelson
                                       United States District Judge